The STATE of Ohio, Appellee,

v.

TOLBERT, Appellant.

[Cite as *State v. Tolbert* (1989), 64 Ohio App.3d 270.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55643.

Decided Sept. 11, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *James P. Madden,* for appellee.

*Michael Gallagher,* for appellant.

MARK K. WIEST, Judge.

Defendant-appellant, Charles Tolbert, was indicted for possession of cocaine in an amount less than the bulk amount with a prior conviction for drug abuse (R.C. 2925.11) and possession of criminal tools (R.C. 2923.24).

Appellant filed a motion to suppress the evidence. At the hearing on the motion to suppress, evidence was presented that on June 23, 1987, appellant was in a Cuyahoga County Common Pleas Court courtroom attending a

hearing in a civil case. After appellant created a disturbance, he was held in contempt of court. When appellant learned he was to be placed under arrest, appellant gave his briefcase to his attorney. After appellant resisted the arresting officers, another deputy was called in to assist. This assisting officer, Deputy Defabbo, was the state's sole witness at the suppression hearing.

Deputy Defabbo testified that after appellant was subdued in a holding cell, the officers proceeded to carry out standard inventory procedures. Defabbo stated that among the items which appellant had in his possession was a locked briefcase. Defabbo asked appellant to open it, which appellant did. Inside a zipped money bag, Defabbo discovered a small amount of cocaine, scales and spoons.

On cross-examination, Defabbo admitted that a police officer removed appellant's briefcase from the courtroom and brought it to appellant in the holding cell.

At the suppression hearing, the defense produced two witnesses: appellant's trial attorney and appellant. Appellant's attorney testified that after appellant handed him his briefcase, he placed it on a chair in the back of the courtroom and put his own briefcase on top of appellant's briefcase. The attorney lost sight of the briefcase when he momentarily left to resolve the civil matter.

Finally, appellant testified that he did not open the briefcase; instead, Deputy Defabbo did.

After his motion to suppress the evidence was denied, appellant entered a no contest plea. Appellant filed a timely appeal which challenges the trial court's denial of his motion to suppress. For the reasons set forth below, we reverse the trial court and enter final judgment for appellant.

## Assignment of Error

"The trial court erred to the substantial prejudice of defendant-appellant in denying defendant-appellant's motion to suppress."

In denying appellant's motion to suppress the evidence, the trial court ruled the warrantless search was reasonable for the reason that the security of the jail population must be maintained.

In *United States v. Robinson* (1973), 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427, 440, the Supreme Court held that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."

In *United States v. Edwards* (1974), 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771, the court expanded the concept of a search incident to an arrest to include those situations where the search and seizure were conducted when the accused arrived at the place of detention and concluded that the personal effects of the accused may be lawfully seized incident to a lawful arrest.

Finally, in *Illinois v. LaFayette* (1983), 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65, the Supreme Court ruled:

"It is consistent with the Fourth Amendment and not unreasonable for police as part of the routine administrative procedure incident to incarcerating an arrested person *to search any container or article in his possession without a warrant in accordance with established inventory procedures.*" (Emphasis added).

Thus, the officers' actions would have been entirely proper if appellant had the briefcase in his possession when he entered the holding cell. However, this was not the case. The state's sole witness, Deputy Defabbo, admitted the briefcase was removed from the courtroom and brought to the appellant. Hence, the only reason appellant had the briefcase in his possession was because an officer placed it in his possession. The search of the briefcase does not fit within any of the exceptions to the warrant requirement.

We sustain appellant's assignment of error.[1] Accordingly, we reverse the trial court and enter judgment for appellant.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STILLMAN, J., concurs.

DAVID T. MATIA, J., dissents.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

MARK K. WIEST, J., of the Court of Common Pleas of Wayne County, sitting by assignment.

DAVID T. MATIA, Presiding Judge, dissenting.

I respectfully dissent from the majority's opinion which found that the trial court improperly denied the appellant's motion to suppress. The record

---

1. We need not address the state's argument that appellant consented to the search as the trial court (as factfinder) rejected this theory.

indicates that the appellant voluntarily consented to the search of his brief-case. Voluntary consent, absent duress or coercion, provides a valid basis for a lawful search. Cf. *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854; *State v. Austin* (1976), 52 Ohio App.2d 59, 6 O.O.3d 43, 368 N.E.2d 59.

Thus, I would affirm the judgment of the trial court.