OPINION
{¶ 1} Appellant, Lawrence P. Zukas, II, appeals from his conviction by the Portage County Court of Common Pleas for carrying a concealed handgun, in violation of R.C. 2923.12, a fourth degree felony. For the reasons that follow, we affirm appellant's conviction.
 {¶ 2} The record discloses the following facts. On May 21, 2002, appellant was indicted by the Grand Jury of the Portage County Court of Common Pleas for carrying a concealed handgun, in violation of R.C. 2923.12, a fourth degree felony. At his arraignment, appellant entered a plea of not guilty to the charges contained within the indictment and was released on a $20,000 personal recognizance bond.
 {¶ 3} On June 10, 2002, appellant filed a motion to suppress evidence obtained as a result of his arrest. This evidence included the concealed handgun and ammunition. Specifically, appellant argued that the Streetsboro Police Department's post-arrest search of his briefcase, which contained the handgun and ammunition, violated the Fourth Amendment of the United States Constitution and Article I, Section 10, of the Ohio Constitution.
 {¶ 4} The following facts were revealed during a hearing on appellant's motion to suppress. On January 30, 2002, John Bodnar ("Officer Bodnar"), a police officer for the Streetsboro Police Department, responded to an automobile accident. Upon his arrival, Officer Bodnar attended to an injured driver and began to investigate the accident scene. He ultimately determined that appellant, the other driver, was the party at fault.
 {¶ 5} At this time, Officer Bodnar asked appellant to accompany him to his police car to gather further information. Appellant complied and voluntarily entered the backseat of the police car with his briefcase. While in the police car, Officer Bodnar detected a strong scent of alcohol on appellant. As a result of the odor and appellant's apparent negligence in the accident, Officer Bodnar requested that appellant step out of the police car to take a field sobriety test. Appellant proceeded to take and fail the field sobriety test. Officer Bodnar arrested appellant for driving under the influence.
 {¶ 6} Appellant was then placed in the backseat of the police car and was transported to the police department for processing. Officer Bodnar testified that he had forgotten that appellant had placed the briefcase in the backseat of the police car prior to transport. At the police department, appellant was removed from the police car and taken inside for processing. He left his briefcase in the backseat.
 {¶ 7} When appellant would not take a Breathalyzer test, the decision was made to take him to the Portage County Justice Center. A Detective Shaffer accompanied Officer Bodnar during appellant's transport. Prior to departure, while assisting Officer Bodnar in placing appellant in the same police car, Detective Shaffer noticed the briefcase in the backseat. The briefcase was then removed from the backseat and placed in the trunk of the police car.
 {¶ 8} At the justice center, appellant was taken inside for further processing. Officer Bodnar took the briefcase inside as part of appellant's property. Once inside the justice center, the corrections officer informed Officer Bodnar that appellant was being taken to jail. The corrections officer then attempted to inventory the contents of the briefcase, but was unable to open it due to a combination lock.
 {¶ 9} Appellant was advised that, to be taken in as property, the contents of the briefcase must first be inventoried. It was further explained to appellant that if they were unable to inventory the contents of the briefcase, it would be discarded. Despite these warnings, appellant refused to help open the briefcase. When appellant was asked what he wanted them to do with the briefcase, he told Officer Bodnar and the corrections officer "to do what [they] had to do with it."
 {¶ 10} Officer Bodnar and Detective Shaffer then left the justice center with appellant's briefcase. On the way back to the police department, Detective Shaffer contacted an assistant prosecutor and informed him of the situation. They were advised to take an inventory of the briefcase and enter it into property once it arrived at the police department.
 {¶ 11} Upon arrival at the police department, Officer Bodnar assisted in an inventory of appellant's briefcase. After breaking open the briefcase, a loaded .45 caliber handgun and ammunition were found inside. The handgun and ammunition were entered into evidence.
 {¶ 12} Following the hearing, on July 18, 2002, the trial court denied appellant's motion to suppress. The trial court determined that the handgun and ammunition were found during an inventory of appellant's property and, therefore, a search warrant was not necessary.
 {¶ 13} On September 9, 2002, appellant entered a plea of no contest to the charge of carrying a concealed weapon, in violation of R.C. 2923.12. Thereafter, the trial court issued a judgment entry finding appellant guilty of carrying a concealed weapon. A subsequent nunc pro tunc judgment entry further stated that appellant had "reserved right to appeal the denial of motion to suppress[.]"
 {¶ 14} On December 10, 2002, the trial court entered sentence and placed appellant in the general control of Portage County Adult Probation in the Intensive Supervision Program for a period of one year. During his probation, appellant was required to: (1) undergo substance abuse and psychological evaluations and seek treatment if necessary; (2) perform fifty hours of community service; and (3) maintain employment. Subsequently, the trial court denied appellant's motion to stay sentencing.
 {¶ 15} Appellant has now filed a timely notice of appeal and sets for the following assignment of error for our consideration:
 {¶ 16} "The trial court erred by denying appellant's motion to suppress the evidence seized from his locked briefcase and any statements he made to the police after his briefcase was searched."
 {¶ 17} At the outset, we note that appellant failed to obtain a stay of his sentence and that his year of probation has terminated. Thus, the judgment against appellant has been satisfied. However, it is axiomatic that "a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." State v. Golston,71 Ohio St.3d 224, 227, 1994-Ohio-109. Because appellant was convicted of a felony, his appeal is not moot and we may proceed to examine the merits of his assignment of error.
 {¶ 18} Under his sole assignment of error, appellant contests the trial court's denial of his motion to suppress. Appellant contends that the post-arrest search of his briefcase violated the Fourth Amendment of the United States Constitution and Article I, Section 10, of the Ohio Constitution. We disagree.
 {¶ 19} At a hearing on a motion to suppress, the trial court functions as a trier of fact. Accordingly, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v.Mills (1992), 62 Ohio St.3d 357, 366. Upon review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586, 592. After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met. Id.
 {¶ 20} Appellant first argues that the trial court erred in denying his motion to suppress because the handgun was obtained as a result of an illegal seizure. Specifically, appellant argues that Officer Bodnar did not have an articulable and reasonable suspicion that appellant was violating the law at the time of his detainment.
 {¶ 21} We note that appellant failed to present this issue at the trial court level. It is well settled law that issues not raised with the trial court may not be raised for the first time on appeal as such issues are deemed waived. State v. Burge
(1993), 88 Ohio App.3d 91, 93, citing State v. Comen (1990),50 Ohio St.3d 206. Thus, appellant's failure to challenge the seizure at the trial court level has waived such objection on appeal.
 {¶ 22} Even assuming that appellant had preserved this objection for appeal, it is clear that his seizure was valid. InTerry v. Ohio (1968), 392 U.S. 1, 21, the United States Supreme Court found that a seizure for the purpose of limited questioning is justified when a police officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." In doing so, the Court broadly defined a seizure as the moment at which a police officer restrains an individual's freedom from walking away. Id. at 16.
 {¶ 23} In the instant case, appellant's initial seizure, prior to his arrest for driving under the influence, occurred once he was detained within Officer Bodnar's police car for further questioning about the auto accident. During the hearing, Officer Bodnar testified that appellant's seizure was the result of his determination that appellant was the party at fault in the auto accident. This determination was based upon Officer Bodnar's investigation of the accident scene. Officer Bodnar clearly stated articulable facts which reasonably warranted appellant's seizure. For this additional reason, this portion of appellant's assignment of error is without merit.
 {¶ 24} Next, appellant argues that the post-arrest search of his briefcase was an invalid inventory search. Appellant maintains that the inventory search was not conducted pursuant to a standard Streetsboro Police Department policy based upon the state's failure to present evidence of an applicable standardized policy. Thus, appellant concludes that evidence of an articulated policy regulating the opening of containers during an authorized inventory search must exist to allow such an intrusion.[1]
 {¶ 25} "Inventory searches are a `well-defined exception to the warrant requirement of the Fourth Amendment.'" State v.Mesa, 87 Ohio St.3d 105, 108, 1999-Ohio-253, quoting Coloradov. Bertine (1987), 479 U.S. 367, 371. An inventory search is considered an administrative function of the police that serves three purposes: (1) it protects an individual's property while it is in police custody; (2) it protects the police against frivolous claims of lost, stolen or vandalized property; and (3) it protects the police from weapons. Mesa at 109.
 {¶ 26} An inventory search "which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an `inventory search' and may not be used as a pretext to conduct a warrantless evidentiary search." State v. Caponi (1984), 12 Ohio St.3d 302,303. Accordingly, evidence establishing a standardized criteria or policy demonstrates that the claimed inventory search is not just a ruse for an otherwise illegal search. State v. Piatt
(June 15, 2001), 11th Dist. No. 2000-P-0051, 2001 Ohio App. LEXIS 2716, at 5. Thus, for an inventory search to be constitutionally permissible, the state must present evidence establishing a standard policy which relates to an inventory search. Id. at 5, citing State v. Corrado (Feb. 20, 1998), 11th Dist. No. 96-L-104, 1998 Ohio App. LEXIS 642, at 24.
 {¶ 27} During the hearing on appellant's motion to suppress, the prosecution introduced an exhibit depicting the standardized written policy of the Streetsboro Police Department regarding inventory searches. However, the record fails to demonstrate that the written policy was formally admitted. A reviewing court is prohibited from considering an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court. See, e.g., State v. Ishmail (1978),54 Ohio St.2d 402. See, also, Moore v. Nichol (Oct. 30, 1991), 9th Dist. No. 15062, 1991 Ohio App. LEXIS 5219, at 10, (holding that the "[appellate] court cannot consider an exhibit absent a sufficient showing that it was formally admitted into evidence.").
 {¶ 28} Despite the prosecution's introduction of the written policy, and the absence of any objection by appellant, there is no evidence that such policy was formally admitted as an exhibit. Nevertheless, Officer Bodnar testified that the written standardized policy was in effect at the time of appellant's arrest. Furthermore, Officer Bodnar stated that the policy itself required an inventory search of any vehicle or property.
 {¶ 29} Notwithstanding our inability to consider the actual written policy, Officer Bodnar presented sufficient uncontradicted testimony to determine that there was a written standardized policy in place that allowed for an inventory search of the briefcase. Officer Bodnar's testimony further confirms that following a brief delay, appellant's briefcase was inventoried after appellant was arrested for driving under the influence. Such actions were in conformance with the mandates of a pre-existing written policy standard. Absent any challenge to the existence of such a policy, Officer Bodnar's affirmation and explanation of such a policy is sufficient. Thus, appellant's contention that the state failed to present evidence of a standardized policy for an inventory search is not well-taken.
 {¶ 30} Appellant further contends that the inventory search of his briefcase must be rejected because he did not possess the briefcase when he walked into the Portage County Justice Center for booking. As support for this contention, appellant citesState v. Tolbert (1989), 64 Ohio App.3d 270. In Tolbert, the Eighth District Court of Appeals reversed the defendant's conviction on the basis that the trial court erred in denying the defendant's motion to suppress because the police had conducted an unlawful inventory search. Id. at 272.
 {¶ 31} Tolbert, however, is factually distinguishable from the instant case. In Tolbert, the defendant was held in contempt of court for causing a disturbance in a courtroom during a civil proceeding. He was subsequently arrested and placed in a holding cell. A police officer then retrieved the defendant's briefcase from the courtroom where the defendant had left it in his attorney's possession prior to the arrest. The police officer brought the briefcase to the defendant in the holding cell and asked him to open it so that an inventory of its contents could be taken. An inventory of the defendant's briefcase uncovered drugs and drug paraphernalia.
 {¶ 32} Based upon the foregoing facts, the Eighth District applied the United States Supreme Court holding that "`[i]t is consistent with the Fourth Amendment and not unreasonable for police as part of the routine administrative procedure incident to incarcerating an arrested person to search any container or article in his possession without a warrant in accordance with established inventory procedures.'" (Emphasis added.) Tolbert
at 272, quoting Illinois v. LaFayette (1983) 462 U.S. 640. The Eighth District found that the inventory search was unlawful because the defendant's possession of the briefcase was involuntary due to the police officer placing it in possession. Id. Previously, it had been in his attorney's possession.
 {¶ 33} Here, unlike in Tolbert, appellant's possession of the briefcase at the time of his arrest was voluntary. Officer Bodnar testified at trial that appellant entered his police car with the briefcase for further questioning. At the time of his arrest, appellant was still in possession of the briefcase in the backseat of the police car. Although Officer Bodnar brought appellant's briefcase into the justice center, appellant's possession of the briefcase occurred at the time of his arrest. Appellant's possession of the briefcase at the time of his arrest was of his own volition. Accordingly, the inventory search was valid and, therefore, this portion of appellant's assignment of error is also not well-taken.
 {¶ 34} Based upon the foregoing analysis, appellant was in voluntary possession of his briefcase at the time of his arrest. Furthermore, the state provided evidence that a written standard policy existed for an inventory search. Thus, the trial court properly denied appellant's motion to suppress.
 {¶ 35} Appellant's assignment of error is without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., Grendell, J., concur.
[1] Appellant did not challenge the validity of his arrest for driving under the influence either at the trial court level or on appeal. As a result, the only issue before us is whether the police conducted a lawful inventory search.