OPINION
{¶ 1} Defendant-appellant, James Abney, appeals the decision of the Warren County Court of Common Pleas denying his motion to suppress evidence. We affirm the trial court's decision.
 {¶ 2} In December 2003, appellant was indicted on three counts of theft of drugs and three counts of possession of dangerous drugs, to wit: Soma tablets. The indictment was the result, inter alia, of a warrantless search of appellant's vehicle. Appellant subsequently moved to suppress the evidence, arguing that the police had no probable cause to search his vehicle without a warrant. A hearing on the motion revealed the following facts:
 {¶ 3} In November 2003, appellant was employed by Miami-Luken, Inc., a wholesale distributor of pharmaceuticals in Springboro, Ohio. Appellant's job was to fill orders by retrieving pharmaceuticals and other items from shelves in a warehouse and place them into containers to ship to customers. Detective Dennis Luken of the Warren-Clinton Drug Strategic Operations Task Force testified that in November 2003, representatives of Miami-Luken reported to him and the Springboro Police Department that they had reason to believe appellant was stealing Soma from the company. On November 13, 2003, Agent Rick Hahn of the Ohio Board of Pharmacy and Det. Luken went to the company to set up surveillance of the warehouse from adjoining offices. Once there, representatives of the company told them that a bottle of Soma was already missing from earlier that evening, and that appellant had been observed the day before removing a bottle of Soma from a shelf before going on break.
 {¶ 4} Subsequently, while concealed in an office, Agent Hahn observed appellant remove a bottle from a shelf and head out to the lobby. Det. Luken intercepted appellant in the lobby, identified himself as a police officer, and asked appellant about the bottle he had just taken. Appellant pulled up his shirt and indicated it was in his pants. Agent Hahn then removed a bottle containing 100 Soma tablets from appellant's pants. Det. Luken then asked appellant about the bottle he had taken earlier. Appellant replied it was in his car. When asked if he would mind the police looking in his car, appellant replied no. The foregoing exchange took place in the lobby in the presence of other employees. Appellant was neither restrained nor threatened in any way. Appellant was described as "very accommodating at that point in time."
 {¶ 5} Agent Hahn then went to appellant's vehicle. He quickly came back, stating he was having trouble getting into the vehicle. According to Det. Luken, appellant then told Agent Hahn that "you just have to pull on the handle. It's unlocked and they're under the passenger's seat." Det. Luken testified that appellant was neither handcuffed nor placed in custody at that point in time. Agent Hahn subsequently came back from appellant's vehicle with a bottle of Soma.
 {¶ 6} Det. Luken testified that by the time Agent Hahn came back for instructions on how to open appellant's car, Det. Luken and appellant were in an unlocked conference room with appellant's supervisor. After Agent Hahn left the room with the instructions, Det. Luken sat down with appellant at the conference table to advise him of his rights. As part of that process, Det. Luken began filling out a consent to search form for appellant to sign indicating that appellant had given Agent Hahn consent to search his car. Appellant refused to sign the form. Appellant was then advised of his Miranda rights by Det. Luken, was asked to sign a rights form, and refused. He then invoked his right to counsel.
 {¶ 7} Appellant testified that by the time the bottle of Soma was removed from his pants, he and Det. Luken were already in the conference room. Appellant denied telling the police that the other bottle was in his car. According to appellant, he did not know what they were talking about. Appellant testified that he never gave the police consent to search his car. Appellant further testified that a discussion as to whether the police could search his car did not occur until after Agent Hahn came back with a bottle of Soma from appellant's car.
 {¶ 8} Ruling from the bench, the trial court denied appellant's motion to suppress as follows: "The Court finds that the credibility issues are resolved in favor of the police officer. The Court finds that there was a consent given to search the vehicle. Also that there was probable cause based on the two thefts that were observed being committed by this defendant. The police had probable cause to search the vehicle because it was moveable. They had no way of knowing if there were other co-conspirators involved in this and the vehicle could have been transported easily away."
 {¶ 9} On February 9, 2004, a jury found appellant guilty on two counts each of theft of drugs and possession of dangerous drugs, and acquitted him on one count each of theft of drugs and possession of dangerous drugs. Appellant was then sentenced accordingly. Appellant now appeals, raising one assignment of error:
 {¶ 10} "The trial court abused its discretion to the prejudice of appellant when it allowed the admission of evidence seized without a warrant."
 {¶ 11} When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by substantial and credible evidence. State v. McNamara (1997),124 Ohio App.3d 706,710. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. Id. In reviewing a ruling on a motion to suppress, an appellate court must bear in mind that the weight of the evidence and the credibility of witnesses are for the trier of fact.State v. Mills (1992), 62 Ohio St.3d 357, 366, certiorari denied, 505 U.S. 1227, 112 S.Ct. 3048.
 {¶ 12} Appellant challenges the denial of his motion to suppress on two grounds. First, appellant argues that the search of his car was unlawful because it was conducted without a warrant, probable cause, or his consent. As a result, the bottle of Soma taken from his car should not have been admitted into evidence at trial. Second, appellant argues that his statements to Det. Luken and Agent Hahn that another bottle of Soma was in his car should have been suppressed because he was not givenMiranda warnings.
 {¶ 13} A search conducted without a warrant and without probable cause usually violates the Fourth Amendment, unless consent is given to conduct the search. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 93 S.Ct. 2041. The state bears the burden of proving by clear and convincing evidence that the defendant's consent was "freely and voluntarily given."Florida v. Royer (1983), 460 U.S. 491, 497, 103 S.Ct. 1319. "The question of whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." Schneckloth at 227. Since this inquiry requires an assessment of the credibility of the evidence, the trier of fact is in the best position to make this determination and its decision will not be reversed on appeal unless clearly erroneous. State v. Foster (1993), 87 Ohio App.3d 32, 42; Inre Lester, Warren App. No. CA2003-04-050, 2004-Ohio-1376, ¶ 18.
 {¶ 14} Appellant testified he never gave his consent to search the car. By contrast, Det. Luken testified that appellant not only gave consent to search his car, he further gave instructions to Agent Hahn on how to open his car. Det. Luken testified that when appellant gave consent to search his car, appellant was very accommodating and was not in custody, handcuffed, restrained, threatened, or given an inducement to provide his consent to the search. Det. Luken further testified that no more than five minutes elapsed between the time appellant took the bottle off the shelf and Agent Hahn went back to appellant's car with instructions.
 {¶ 15} The trial court found that Det. Luken's testimony that appellant consented to the search of his car was more credible than appellant's testimony he never gave consent to search his car. The trial court also found that the police had probable cause to search the car after appellant was observed on two different occasions removing a Soma bottle from a shelf before going on a break. Viewing the totality of the circumstances, and bearing in mind that the trial court was in the best position to assess the credibility of the evidence and witnesses, we cannot say that the trial court's determination that appellant consented to the search of his car is clearly erroneous. Rather, the evidence indicates that appellant freely gave his consent to search. As a result, the search of appellant's car was lawfully conducted under the Fourth Amendment.
 {¶ 16} Appellant also argues that his statements to Det. Luken and Agent Hahn that another bottle of Soma was in his car should have been suppressed because he was not given Miranda
warnings. We note that this specific issue was not raised in appellant's motion to suppress. Nor was it argued at the suppression hearing. While Det. Luken briefly testified that he read appellant his Miranda rights, appellant's argument at the hearing centered on challenging the lack of warrant or consent to search the car. Indeed, during direct examination, appellant's attorney never asked appellant about Miranda rights. The trial court's ruling on appellant's motion to suppress was based solely on the issues of probable cause and consent to search appellant's car.
 {¶ 17} It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal. State v.Awan (1986), 22 Ohio St.3d 120, 122. An appellate court "will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs
(1968), 14 Ohio St.2d 56, paragraph three of the syllabus, certiorari denied (1969), 394 U.S. 1002, 89 S.Ct. 1596. Thus, appellant's failure to challenge his statements to Det. Luken and Agent Hahn at the trial court's level has waived such objection on appeal. See State v. Zukas, Portage App. No. 2003-P-0005, 2004-Ohio-2792.
 {¶ 18} We therefore find that the trial court did not err by denying appellant's motion to suppress. Appellant's assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Powell and Walsh, JJ., concur.