THE STATE OF OHIO, APPELLANT, *v.* CAPONI, APPELLEE.

[Cite as State *v.* Caponi (1984), 12 Ohio St. 3d 302.]

(No. 83-916—Decided August 1, 1984.)

*Mr. Lynn C. Slaby,* prosecuting attorney, and *Mr. Philip D. Bogdanoff,* for appellant.

*Mr. Lawrence W. Vuillemin,* for appellee.

J. P. CELEBREZZE, J.  The question to be determined by this appeal is whether the search conducted of appellee's automobile was a valid "inventory search," or rather was an unreasonable and warrantless search in violation of the Fourth Amendment.

In *South Dakota* v. *Opperman* (1976), 428 U.S. 364, 373, the United States Supreme Court recognized the constitutional validity of police inventory searches "where the process is aimed at securing or protecting the car and its contents." In *State* v. *Robinson* (1979), 58 Ohio St. 2d 478 [12 O.O.3d 394], this court, in interpreting the *Opperman* decision at 480 stated:

"* * * The court concluded that a routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment *when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile. It appears logical to conclude from this that a pretextual search is not an inventory search.*" (Emphasis added.)

In the case *sub judice,* the trial court specifically found that the search bore little resemblance to a standard police inventory search, and that the purpose of the search was to gather evidence and not to take an inventory. These findings were supported by substantial evidence and thus will not be disturbed on appeal.

A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an "inventory search" and may not be used as a pretext to conduct a warrantless evidentiary search. Accordingly, the evidence in question was seized in contravention of the Fourth Amendment and was properly suppressed.

For the foregoing reason, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.