THE STATE OF OHIO, APPELLEE, *v.* HIMMELHAVER, APPELLANT.

(No. CA87-01-007—Decided
September 21, 1987.)

*George E. Pattison,* prosecuting attorney, for appellee.
*Marshall McCachran,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

On September 11, 1985, Mary Sweeney phoned the Milford Police Department to complain that an automobile was parked in her assigned apartment complex parking space. Sweeney told the police that she observed a short man with dark hair exit the automobile, walk down the street, and enter an adjacent shopping center. Sweeney again phoned the police when the individual returned.

In response, Milford police officer Asa Burroughs responded to the scene. At approximately 2:30 a.m., Burroughs found defendant-appellant, Harry P. Himmelhaver, face down in a ditch near the apartment complex. Burroughs determined that appellant was intoxicated, searched him, arrested him and placed him in a police cruiser.

Burroughs found a set of keys in appellant's pocket that fit the automobile which was the subject of Sweeney's complaint. Burroughs and another officer, Raymond Butler, used the keys to open the trunk of the vehicle prior to having it towed away. The search of the automobile revealed several revolvers, ammunition and approximately $268 in quarters.

Appellant, who had initially been cited for disorderly conduct, was subsequently indicted by the Clermont County Grand Jury on a charge of receiving stolen property in violation of R.C. 2913.51(A).

On May 6, 1986, appellant filed a motion to suppress the evidence discovered in the automobile search. The trial court overruled appellant's motion, holding that the search constituted a reasonable inventory search. Appellant subsequently entered a plea of no contest to the charge of receiving stolen property. The trial court found appellant guilty and sentenced him to incarceration for one year.

Appellant timely filed the instant appeal naming as his sole assignment of error that the trial court erred by overruling the motion to suppress.

"[A] routine inventory search of a lawfully impounded automobile is not unreasonable within the meaning of the Fourth Amendment when performed pursuant to standard police practice, and when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile." *State* v. *Robinson* (1979), 58 Ohio St. 2d 478, 480, 12 O.O. 3d 394, 395, 391 N.E. 2d 317, 318, certiorari denied (1979), 444 U.S. 942.

Burroughs testified that it was departmental policy to perform a vehicle inventory when a vehicle was to be impounded. However, the finding of the trial court that the search was in fact a standard police inventory search is not supported by the evidence.

There was no evidence that standard inventory forms were completed and kept for future reference (showing the presence or absence of valuables). In fact, the officers who conducted the search presented conflicting evidence regarding where in the automobile the quarters were found. A logical in-

ference therefrom is that there was no inventory to which the officers could refer. Also, although not dispositive of the issue, there is nothing in the record indicating that the tow truck was called before the incriminating items were found.

"A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an 'inventory search' and may not be used as a pretext to conduct a warrantless evidentiary search." *State* v. *Caponi* (1984), 12 Ohio St. 3d 302, 12 OBR 375, 466 N.E. 2d 551, syllabus. Accordingly, the evidence seized should have been suppressed.

Appellant's sole assignment of error is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

JONES, P.J., and HENDRICKSON, J., concur.

YOUNG, J., dissents.

YOUNG, J., dissenting. In this case there was a valid arrest of appellant necessitating the removal of his vehicle from the place where it was illegally parked. Police departmental policy required that the vehicle be inventoried when impounded. This is exactly what the officers were doing when the search occurred. The majority invalidates the search because inventory forms were not used and because the officers did not agree exactly where the quarters were found. The majority places unreasonable and unwarranted restrictions on the officers. There is nothing here to suggest that the officers were engaging in an exploratory search or conducting other than a standard inventory search of an impounded vehicle.

I would hold that the search constituted a reasonable inventory search and would affirm the finding of the trial court.