THE STATE OF OHIO, APPELLEE, *v.* CRICKON, APPELLANT.

(No. S-87-7 — Decided January 22, 1988.)

*John E. Meyers,* prosecuting attorney, for appellee.

*Mark Jacobs,* for appellant.

*Per Curiam.* This cause is before this court on appeal from a judgment of conviction of the Sandusky County Court of Common Pleas. Appellant was indicted on a charge of possession of a controlled substance, to wit: cocaine, in an amount equal to or exceeding three times the bulk amount, in violation of R.C. 2925.03(A)(6). Appellant filed a motion to suppress his testimony before the grand jury, which was granted, and a motion to suppress evidence, the cocaine which was found in a search of the automobile which he was driving, which was denied by the trial court. Thereafter, appellant pled no contest to the charge, the trial court made a finding of guilty, and appellant was sentenced according to law.

Appellant filed a timely notice of appeal and asserts the following assignments of error:

"1. Appellant was deprived of a fair hearing and of a fair ruling of his plea of 'no contest' because of the inadequate assistance of counsel.

"2. It was plain error for the trial court to uphold the propriety of the automobile search and to not suppress the evidence gained therefrom."

Appellant's second assignment of error will be addressed first.

The record indicates that at approximately 9:30 p.m. on March 25, 1986, while patrolling the Ohio Turnpike from mile posts 80 to 160, Ohio State Highway Patrolman Richard J. Dietz saw a car drive by with its license plate light burned out. Trooper Dietz pursued and stopped the vehicle. He then approached the vehicle and asked to see appellant's driver's license and registration. Appellant stated to the patrolman that he had no license, but produced a Michigan registration. Trooper Dietz noticed that the steering column was broken out, an indication that the vehicle may have been stolen. He requested appellant to step back to the patrol car. Appellant stated that he borrowed the car from a friend named Frank Huffman; however, appellant was unable to provide a phone number or address where Frank Huffman could be reached. A computer check revealed the car to be registered to Paul Bosco & Sons, Inc., of Novi, Michigan.

The female passenger with appellant was unable to display a driver's license, although she did produce a Michigan traffic citation document and indicated that she had just gotten her license back. The trooper had her drive the vehicle back to the patrol post.

Appellant testified that the trooper stated that appellant was under arrest for driving without a license prior to driving to the patrol post. Upon confirming via telephone at the patrol post that appellant did not have permission of Paul Bosco & Sons to use the vehicle, the trooper read appellant and the passenger their *Miranda* rights and advised them that they were going to be charged with unauthorized use of a motor vehicle. They were also informed that the car was being impounded, inventoried, towed and held for the owner at an impound lot. Trooper Dietz conducted an inventory search of the automobile and listed its contents. Upon opening the trunk, the trooper noted two pairs of jumper cables, a jack, and a spare tire and also noticed that a gray felt liner on the right side wall of the trunk was pulled back and lying away from the wall with a gap of six to nine inches. Visible inside the gap was a plastic bag which the trooper retrieved and observed bags of a white powder as well as drug paraphernalia. The trooper's supervisor conducted a field test on the white powder and determined it to be cocaine.

At the suppression hearing, the trial court found that appellant did not have standing to raise the issue of whether his Fourth Amendment rights had been violated and found that even if appellant had standing, the search was lawful as an inventory search and/or as a search incident to a lawful arrest, in that there was reasonable cause to believe that the legally stopped automobile might have been stolen. We agree.

First, it was correctly held that appellant did not have standing to raise the issue of whether his Fourth Amendment rights had been violated. Appellant did not have a legitimate expectation of privacy in the automobile which he did not own or lease or have permission to use. See *United States* v. *Salvucci* (1980), 448 U.S. 83; *Rakas* v. *Illinois* (1978), 439 U.S. 128, rehearing denied (1979), 439 U.S. 1122 (search of an automobile); *Katz* v. *United States* (1967), 389 U.S. 347.

Second, it was correctly held that even if appellant did have standing, the search was lawful, whether considered an inventory search or a search incident to a lawful arrest.

*South Dakota* v. *Opperman* (1976), 428 U.S. 364, held that the Fourth Amendment is not violated by a non-investigative routine inventory search of the contents of an automobile lawfully impounded in order to secure and protect the car and its contents, even where inculpatory evidence is discovered. Accord *State* v. *Robinson* (1979), 58 Ohio St. 2d 478, 12 O.O. 3d 394, 391 N.E. 2d 317.

Appellant claims that there was no probable cause to impound the vehicle at the time it was searched. On the contrary, the record indicates that the car, which had a broken-out steering column which indicated it might be stolen, was searched *after* the registered owner of the vehicle was contacted and it was evident that appellant did not have permission to use the car. This is ample probable cause to believe that the auto was stolen and, therefore, the vehicle was lawfully impounded.

Appellant attempts, unsuccessfully, to show that the inventory search was not pursuant to standard police practice because the search, when conducted, was not witnessed by another Ohio State Highway patrolman and because it was not always reported whether the arrestee's person was searched. Two Ohio State Highway patrolmen testified as to their standard procedure. They testified that all vehicles were searched any time there was a tow of the vehicle involved. Merely because the search was not witnessed does not conclusively show that a standard procedure was not established. The assistant post commander at the Castalia post explained that the Ohio Highway Patrol did not have the luxury of having another officer witness every inventory search. Additionally, if nothing extraordinary was found on the arrestee's person, it has no bearing that that is not noted in the automobile inventory report. Appellant attempts to rely on *State* v. *Caponi* (1984), 12 Ohio St. 3d 302, 12 OBR 375, 466 N.E. 2d 551, which held that:

"A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an 'inventory search' and may not be used as a pretext to conduct a warrantless evidentiary search. Accordingly, the evidence in question was seized in contravention of the Fourth Amendment and was properly suppressed." *Id.* at 303, 12 OBR at 376, 466 N.E. 2d at 553.

The facts of *Caponi* are completely distinguishable from the facts of this case. Caponi, the arrestee, was surveilled for some time prior to arrest and arrest was postponed until he entered his automobile and turned onto a public road. Then, at the scene of the arrest, the police searched Caponi's automobile and took several items including a handgun from the locked trunk as evidence. In the case *sub judice,* there was no prior drawn-out surveillance or pretextual evidentiary search.

Taking into account the three interests to be protected by the inventory search, that is, protection of the owner's property while it is in police custody, and protection of the police from potential danger and against claims or disputes of lost or stolen property, *Opperman, supra,* at 369, and cases cited therein, the scope of the search was reasonable. *Robinson, supra,* at 481, 12 O.O. 3d at 396, 391 N.E. 2d at 319, citing *United States* v. *Edwards* (C.A. 5, 1978), 577 F. 2d 883, certiorari denied (1978), 439 U.S. 968. Thus, it was a constitutionally permissible inventory search.

Moreover, prior to the search, the car had been lawfully impounded, and appellant had been placed under arrest. There was reasonable cause to

believe the automobile was stolen when the trooper found that appellant did not own or have permission to use the automobile. Thus, even if it was an investigatory search, it was lawful as a search incident to a lawful arrest. Exigent circumstances are not a requisite for a warrantless search of an immobilized vehicle. *Florida* v. *Meyers* (1984), 466 U.S. 380; *Michigan* v. *Thomas* (1982), 458 U.S. 259; *Colorado* v. *Bannister* (1980), 449 U.S. 1; *Texas* v. *White* (1975), 423 U.S. 67, rehearing denied (1976), 423 U.S. 1031; *Cardwell* v. *Lewis* (1974), 417 U.S. 583.

Accordingly, appellant's second assignment of error is found not well-taken.

Appellant contends, in his first assignment of error, that he was deprived of a fair hearing and of a fair ruling on his plea of "no contest" because he was denied adequate assistance of trial counsel.

The Ohio Supreme Court discussed the issue of ineffective assistance of counsel in *State* v. *Cooperrider* (1983), 4 Ohio St. 3d 226, 228, 4 OBR 580, 582, 448 N.E. 2d 452, 454, and set forth the test to be applied as follows:

"* * * [T]he test in Ohio for determining whether an accused was provided effective assistance of counsel is 'whether the accused, under all the circumstances, including the fact that he retained counsel, had a fair trial and substantial justice was done.' *State* v. *Hester* (1976), 45 Ohio St. 2d 71, paragraph four of the syllabus. Application of this test in deciding allegations of ineffective assistance of counsel involves two steps. First, it must be determined whether there has been a substantial violation of an essential duty owed by the defense counsel to the defendant. If such a violation is found, there must next be a determination as to whether the defense was prejudiced by such violation. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397 [2 O.O. 3d 495],

vacated on other grounds (1978), 438 U.S. 910.''

The United States Supreme Court considered the issue of ineffective assistance of counsel in *Strickland* v. *Washington* (1984), 466 U.S. 668, wherein it stated a similar two-part test:

"* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland* v. *Washington, supra,* at 687.

The court in *Strickland* strongly cautioned courts when considering the issue of ineffective assistance of counsel by stating:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. *Engle* v. *Isaac,* 456 U.S. 107, 133-134 (1982). * * * Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged ac-

tion 'might be considered sound trial strategy.' See *Michel* v. *Louisiana* * * * [(1955), 350 U.S. 91, at 101]. * * *'' (Emphasis added.) *Strickland* v. *Washington, supra,* at 689.

Pursuant to *Strickland, supra,* to be successful on a claim of ineffective assistance of counsel, appellant must show (1) counsel's performance was deficient, and (2) that deficient performance prejudiced the defense. In other words, but for the errors of counsel, the result would have been different.

Appellant asserts that his trial counsel was ineffective in not moving to dismiss the indictment on the basis that his testimony before the grand jury was illegally obtained. Appellant's counsel did move to suppress this testimony for trial and was successful, in that the trial court granted the suppression motion. Appellant contends that, having been suppressed, the testimony should not have been considered by the grand jury and the indictment should have been dismissed.

In *Costello* v. *United States* (1956), 350 U.S. 359, a criminal defendant contended that an indictment against him should have been dismissed because it was based solely on hearsay evidence. The defendant was unsuccessful. The United States Supreme Court held that "* * * neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act. * * *'' *Id.* at 362. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. * * *'' *Id.* at 363.

Appellant has not demonstrated that, absent his testimony, there would not have been an indictment, nor has he demonstrated that a motion to dismiss the indictment would have been successful. Under the holding in *Costello, supra,* the trial court would not have been required to dismiss the indictment. Thus, appellant was not prejudiced by his counsel's not making a motion to dismiss the indictment. In fact, it would have merely resulted in unnecessary delay and added nothing to the assurance of a fair trial. *Id.* at 364.

Appellant next claims that appellant's trial counsel should have moved to dismiss the indictment because of the undue influence of the prosecutor in not affording appellant the opportunity to consult with his court-appointed attorney prior to the questioning before the grand jury. Again, appellant has not shown that a motion to dismiss the indictment would have been successful or done anything other than delay trial. Appellant's motion to suppress his testimony was granted. That was adequate to ensure that a fair trial could be held. There was no substantial violation of an essential duty owed to appellant by counsel or deficient performance by counsel and appellant was not prejudiced by the lack of a motion to dismiss the indictment.

Finally, appellant argues that appellant's trial counsel should have objected to the introduction of exhibits at the hearing on the motion to suppress the evidence obtained from the automobile search on the bases of lack of foundation and authentication. We note that the purpose of the hearing was to determine whether the search of an automobile which yielded evidence of possession of an illegal substance was proper. The photographs which appellant claims should have been objected to were photographs of the automobile and drug paraphernalia found therein. Appellant did not deny driving the car and admitted knowing that the drugs were in the trunk. Therefore, we cannot say that trial counsel's lack of a technical

objection to the introduction of the exhibits falls outside the wide range of reasonable professional assistance or that the challenged action could not be considered sound trial strategy. *Strickland, supra,* at 689. Appellant has not sustained his burden under the *Strickland* and *Cooperrider* tests of showing that appellant's defense was prejudiced by any alleged violations. We do not find merit to appellant's claim of ineffective assistance of counsel. Accordingly, appellant's first assignment of error is found not well-taken.

On consideration whereof, we find that appellant, Donald J. Crickon, a.k.a. Russell Maxwell, was not prejudiced or denied a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS, RESNICK and GLASSER, JJ., concur.