[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from the Clermont County Court of Common Pleas in which the state appeals the grant of a motion to suppress evidence made on behalf of defendant-appellee, Abdullah Bashir Taufeeq.
On April 27, 2001, at 2:00 a.m., appellee, the sole occupant of a motor vehicle, was driving at a slower than normal speed on S.R. 125 in Clermont County. He made a turn onto Mt. Carmel Tobasco Road, where he drove out of his marked lane in violation of R.C. 4511.33. He was stopped by Ohio State Highway Patrol Trooper Herren, who had observed appellee's driving. When Trooper Herren requested appellee's driver's license, he learned that appellee was driving while his license was suspended. Trooper Herren arrested appellee, placed him in the cruiser, and thereafter searched his vehicle.
On the front seat of appellee's vehicle was a velvet cloth bag with a closed tie-top. Trooper Herren had observed the bag, which was in plain view, when he first spoke with appellee, who was then seated in the vehicle. During the search, Trooper Herron could not determine the bag's contents by touch so he opened the bag and found therein a glass pipe which held a residue. The bag also contained a separate quantity of marijuana. He then searched the trunk of the vehicle and found a shoe box containing what the trooper described as a large amount of marijuana. Subsequent to the search of the vehicle, and prior to the summoning of a tow truck, the vehicle's owner, who apparently lived nearby, appeared at the scene and Trooper Herren released the vehicle to her.
Appellee was indicted on one count of possession of marijuana in violation of R.C. 2925.11. Appellee, through counsel, filed a motion to suppress the evidence gathered incident to the search (marijuana and velvet bag contents) alleging that the search violated appellee's constitutional rights. On December 13, 2000, the trial court granted the motion to suppress relying on State v. Brown (1992), 63 Ohio St.3d 349.
In its sole assignment of error, the state argues that the trial court erred in granting appellee's motion to suppress.
The trial court's reliance on State v. Brown is well-placed. The Brown
case reports: "Brown was arrested for driving under the influence of alcohol and [the police officer] admitted he had no probable cause or other independent justification for searching the vehicle." Id. at 352. In the instant case, Trooper Herren conducted a search and, in his words, "the search of the vehicle was a search incident to arrest, I searched the vehicle for weapons, I could not detect what was inside the velvet bag." The trooper also testified that he intended to have the vehicle towed in and for that reason undertook an inventory of the vehicle's contents. Trooper Herren did not complete an inventory of the vehicle's contents. Neither did the state offer any evidence to establish Ohio State Highway Patrol policy or procedure concerning inventory searches or searches of closed containers which are part of the inventory.
What was intended to be an inventory search conducted by the trooper of a vehicle he intended to have towed may have been justified by the facts and circumstances known to the officer at the time of the search, even though subsequent circumstances made towing the vehicle unnecessary. However, the trial court found that the inventory search exception to the search warrant requirement did not apply because no inventory of the vehicle's contents was made by the Ohio State Highway Patrol. We agree, and note also that there is no evidence in the record before us as to any policy or procedure relating to inventory searches, which is also a necessary predicate to the inventory exception. See State v.Himmelhaver (1987), 39 Ohio App.3d 42.
We find that the trial court's analysis applied the correct legal standard based on these facts. See, also, State v. Hathman (1992),65 Ohio St.3d 403.
The judgment of the trial court is affirmed and this case is remanded for further proceedings consistent with this opinion.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form.
A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxes in compliance with App.R. 24.
 __________________________________ William W. Young, Presiding Judge
Anthony Valen, Judge, James E. Walsh, Judge.