OPINION
Defendant-appellant, Brenda Day, appeals a decision of the Warren County Court of Common Pleas overruling her motion to suppress evidence. We affirm the trial court's decision.
Appellant was stopped after a Springboro police officer observed her vehicle zig-zag between the marked lanes of the road several times. After performing field sobriety tests, appellant was arrested for driving under the influence. Appellant's vehicle was inventoried before it was towed. While conducting the inventory, one of the officers opened appellant's purse and found a straw containing what he believed to be cocaine. He took the purse and went through the contents at the police station. Appellant admitted that the cocaine was hers. Appellant was charged with possession of cocaine and drug paraphernalia.
Appellant filed a motion to suppress evidence of the cocaine and statements she made to officers after the cocaine was discovered. After a hearing, the trial court denied the motion. Appellant subsequently entered a no contest plea to the charges of possession of cocaine and possession of drug paraphernalia. She was convicted of both charges and sentenced of record. Appellant now appeals the trial court's decision overruling the motion to suppress, and raises the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."
Appellant contends that the trial court erred by denying her motion to suppress for two reasons. First, she argues that the Springboro police did not have a standard policy regarding the opening of closed containers during an inventory search. Second, she argues that even assuming a policy was in place the officer failed to conform his search to the policy.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact, and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Inventory searches are a "well-defined exception to the warrant requirement of the Fourth Amendment." Colorado v. Bertine (1987),479 U.S. 367, 371, 107 S.Ct. 738. Inventory searches are administrative caretaking procedures intended to protect public property that is in police custody, ensure against frivolous claims involving theft or vandalized property and to guard police from danger. South Dakota v.Opperman (1976), 428 U.S. 364, 369, 96 S.Ct. 3092. The validity of an inventory search of a lawfully impounded vehicle is judged by aFourth Amendment standard of reasonableness. See id.
In State v. Hathman, 65 Ohio St.3d 403, 1992-Ohio-63, the Ohio Supreme Court set forth standards to be applied when determining the validity of an inventory search: "To satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine." Id. at paragraph one of the syllabus. The court further set forth the specific standard to be applied when police discover a closed container in a vehicle: "If, during a valid inventory search of a lawfully impounded vehicle, a law enforcement official discovers a closed container, the container may be opened as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers." Id. at paragraph two of the syllabus.
As mentioned above, appellant first argues that the Springboro police department does not have an articulated standard policy regarding opening closed containers during an inventory search. The Springboro Police Department policy states: "In order to prevent accusations of theft and to protect the property, anytime the Springboro Division of Police assumes responsibility for a vehicle, the vehicle will be completely inventoried to include closed and/or locked packages and areas wherever possible. A vehicle impound report will be completed and filed. A copy will be maintained in the communications center."
The above policy states that the vehicle is to be completely inventoried, including closed and/or locked packages and areas. Appellant argues that the language of the policy is ambiguous and it is unclear whether the policy requires containers and packages to be noted on the inventory sheet or to be opened and inventoried. While the language of the policy could be more precise and detailed, we find no ambiguity. The policy requires Springboro police officers to inventory the vehicle. This procedure includes an inventory of closed and/or locked packages and areas. From a grammatical standpoint, appellant's assertion that the policy could mean to simply note that containers and packages are in the vehicle makes no sense when applied to the requirement to inventory closed or locked areas. While not the most artfully drafted policy, the Springboro policy sufficiently states the requirement that officers must inventory the contents of closed and locked packages and areas.
Appellant next argues that even if the policy requires opening and inventory of closed containers, the officer in this case failed to follow standardized procedure. Specifically, appellant argues the fact that the officer failed to complete the inventory is evidence that the inventory search was a "ruse for general rummaging in order to discover incriminating evidence." See State v. Caponi (1984), 12 Ohio St.3d 302,303.
Officer Aaron Zimmaro performed the inventory of the car. He testified that he took the purse from the front seat and began to inventory its contents when a straw with powdery residue caught his attention. Because he thought it was most likely contraband and the weather was windy outside, he did not want the weather to influence anything on the straw. Officer Zimmaro then zipped up the purse and placed it in his cruiser. Appellant was in the cruiser at the time and the officer opened up the rear door to inform her that he found suspect items in her purse. After transporting appellant to the police station, Officer Zimmaro then went through the contents of the purse with appellant. Appellant admitted the substance was cocaine and that it was hers.
Officer Zimmaro stated that he did not continue the inventory because he found what he believed to be contraband and he personally took possession of the purse. He stated that if he had not found contraband he would have done a complete inventory of the purse. However, he did not finish the inventory because the purse was not going to be left in the vehicle at that point. He explained that the inventory sheet goes with the tow truck driver and the vehicle. At the police station, appellant and the officer went through the contents of the purse together, and the purse and its contents were given to the jail when appellant was booked.
Under the facts of this case, we find Officer Zimmaro's inventory of the vehicle was conducted pursuant to the department's standardized policy and procedure. As mentioned above, the purpose of an inventory search is to protect public property that is in police custody, ensure against frivolous claims involving theft or vandalized property and to guard police from danger. Opperman, 428 U.S. 364, at 369. Further, inventory of the purse was unnecessary at the point when Officer Zimmaro took possession of it. Officer Zimmaro stated that the purse never left his sight while he and appellant were in the cruiser, and that they went through the contents of the purse together. Once appellant was taken to jail, the jail took possession of the purse.
Nothing in the record suggests that the search of the purse was not done pursuant to policy, or that it was performed in bad faith as an excuse to rummage through appellant's belongings in search of incriminating evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.