OPINION
{¶ 1} Defendant, Christopher T. Neal, appeals from hisconvictions for Rape and Gross Sexual Imposition, which wereentered on his pleas of guilty given in exchange for the State'sdismissal of other charges.
 FIRST ASSIGNMENT OF ERROR {¶ 2} "The trial court committed plain error in denyingdefendant's motion to withdraw guilty plea."
 {¶ 3} The trial court accepted Neal's guilty pleas on June 25,2003. When the case came on for sentencing on July 16, 2003, thefollowing colloquy ensued:
 {¶ 4} "THE COURT: Thank you.
 {¶ 5} "Case 03-CR-372, State of Ohio versus Christopher Neal.Mr. Neal is here for sentencing hearing.
 {¶ 6} "Are you ready to proceed on sentencing?
 {¶ 7} "THE DEFENDANT: No. I'd like to withdraw my plea andenter a plea of not guilty seeing as how the — I thought I wasgoing to get the minimum of the charges of the four years, notfrom four to 15, you know. I was believed that I was only gettingthe four years, not the four to 15; and I took the plea bargain.
 {¶ 8} "MR. THOMAS (defense counsel): Your Honor, there wasnothing stated in the plea bargain. I never indicated to thedefendant what his sentence would be, and I gave him a completerange of his options.
 {¶ 9} "THE COURT: There is no agreed sentence. There isnothing in the plea agreement that provides a sentence.
 {¶ 10} "THE DEFENDANT: With the minimum sex offender thing, Ithough that meant I was going to get the minimum sentence too.
 {¶ 11} "MR. THOMAS: Your Honor, that was never told to him.That was never alluded to him in any way, shape, or form. Infact, we talked about what the maximum sentence would be.
 {¶ 12} "THE COURT: Okay. Well, the Court record indicates thatthere is a plea agreement here; and it simply indicates that theState will dismiss — they will dismiss several counts.
 {¶ 13} "You entered a plea of guilty to Count 2, charge ofgross sexual imposition, felony of the third degree, and to Count3, a charge of rape, a felony of the first degree.
 {¶ 14} "The other counts in the indictment were all dismissed.There were a total of five counts in the indictment. You pledguilty to two, and three were dismissed.
 {¶ 15} "Do you understand that?
 {¶ 16} "THE DEFENDANT: Yes, sir.
 {¶ 17} "THE COURT: Okay. Now. There was no agreement withrespect to the sentence in the plea agreement. The Court reviewedyour rights with you at the time you entered a plea of guilty toCount 2 and Count 3, and the Court determined that you understoodyour rights and voluntarily entered a plea of guilty waiving yourrights as stated to you at the time.
 {¶ 18} "I don't understand your question now. You saidsomething about you thought you were going to get a minimumsentence?
 {¶ 19} "THE DEFENDANT: Yeah. With the — said I was gonna getthe classification of a minimum sex offender or something likethat.
 {¶ 20} "THE COURT: Yes.
 {¶ 21} "THE DEFENDANT: I thought that meant I got the minimumsentence too along with that.
 {¶ 22} "MR. THOMAS: Your Honor, that was — we set that outclearly for him. The Court reviewed for him what the maximumsentences were on the plea, and he subjected himself to thosemaximum possibilities in entering a plea.
 {¶ 23} "I reviewed that with him in great detail, what theclassification was, what that meant, and what his possibleminimums and maximums were both on the five-count indictment andon the plea bargain, cutting his liability more than a third.
 {¶ 24} "Then the Court reviewed with him in this — in the pleawhat his maximum that he was subjecting himself to.
 {¶ 25} "THE COURT: Okay. Well, the sentencing range is a three— to ten-year sentencing range on the charge of rape; and on thegross sexual imposition the sentencing range is a one — tofive-year sentencing range. No sentence has been imposed oragreed upon at this time.
 {¶ 26} "Do you understand that?
 {¶ 27} "THE DEFENDANT: Yes, sir.
 {¶ 28} "THE COURT: All right. Are you admitting your guilt?You entered a plea of guilty to the charge admitting your guilt,and the Court reviewed the nature of the charge and theconsequence of the plea with you indicating the offense and themaximum penalty that could be imposed.
 {¶ 29} "And at that plea you indicated that you did understandthe nature of the charge. You did understand the consequence ofthe plea. That is, the maximum penalty that could be imposed.
 {¶ 30} "And I don't see any reason why the Court shouldwithdraw your plea, allow you to withdraw the plea. You're notindicating that you didn't commit the offense. You're simplyindicating some confusion maybe whether or not you were going toget the minimum sentence.
 {¶ 31} "But nowhere in the record did you ever have a promiseof a minimum sentence or any agreement with respect tosentencing. So that's still open at this time as to whethersentence — what sentence the Court will impose.
 {¶ 32} "Do you understand that?
 {¶ 33} "THE DEFENDANT: Yes, sir.
 {¶ 34} "THE COURT: All right. Do you want to proceed, then,with the sentencing hearing?
 {¶ 35} "THE DEFENDANT: Yes, sir." (T. 3-7).
 {¶ 36} Motions to withdraw pleas of guilty and no contestwhich are made before sentence is imposed should be liberallyallowed. State v. Xie (1992), 62 Ohio St.3d 521. Whether togrant the motion is contributed to the trial court's sounddiscretion. Id. On that standard, we may reverse only for anabuse of discretion. "The term `abuse of discretion' connotesmore than an error of law or judgment; it implies that the trialcourt's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 37} When a motion to withdraw a plea which is made beforesentencing is denied, the following factors are considered by theappellate court on a defendant's claim that the trial courtabused its discretion when it denied the motion: "(1) whether theaccused is represented by highly competent counsel, (2) whetherthe accused was given a full Crim.R. 11 hearing before enteringthe plea, (3) whether a full hearing was held on the motion, (4)whether the trial court gave full and fair consideration to themotion, (5) whether the motion was made within a reasonable time,(6) whether the motion sets out specific reasons for thewithdrawal, (7) whether the accused understood the nature of thecharges and possible penalties, (8) whether the accused wasperhaps not guilty of or had a complete defense to the charge orcharges, and (9) whether the state is prejudiced by withdrawal ofthe plea."
 {¶ 38} State v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 39} Defendant-Appellant in his brief reviews each of theFish factors as they apply to him. His argument focuses onthree.
 {¶ 40} Defendant-Appellant argues that when his attorney spokeout as he did, and though his attorney was competent, itnecessarily denied Defendant the representation to which he wasentitled. This appears to be more of a Strickland claim ofineffective assistance of counsel in relation to the Defendant'smotion to withdraw the plea than a claim that the legalassistance Defendant was afforded when he entered the plea wasnot "highly competent." Fish.
 {¶ 41} Strickland v. Washington (1984), 466 U.S. 668, heldthat "[t]he benchmark for judging any claim of ineffectivenessmust be whether counsel's conduct so undermined the properfunctioning of the adversarial process that the trial cannot berelied on as having produced a just result." Id., at 686. Thesame reasonably applies to counsel's assistance in theprosecution of a motion.
 {¶ 42} Defendant-Appellant's attorney, afterDefendant-Appellant had asked the court to withdraw his guiltypleas, would have done better to ask the court for leave toconsult with Defendant-Appellant in order to determine hisgrounds for withdrawal, and then to advocate on behalf of hisclient on those grounds if he could. That was a problem in Statev. Cuthbertson (2000), 139 Ohio App. 895, wherein the defendantargued that his attorney had pressured him to enter a plea. Weare not told by the opinion in Cuthbertson what the attorneythen did, but the appellate court observed that "the transcriptleaves one with the impression that appellant's attorney waspreoccupied with making a record to establish that he did notcoerce the plea rather than to assist appellant in a successfulplea withdrawal." Id., at 899.
 {¶ 43} We do not see a similar difficulty here.Defendant-Appellant didn't claim that his attorney had misled orpressured him. Rather, Defendant-Appellant indicated that hemisunderstood what his sentence would be. (It appears that he'dsince learned what sentence the court intended to impose.) In anyevent, his attorney's disclaimer of any responsibility forDefendant-Appellant's belief did not, in our view, so undermineDefendant-Appellant's claim, which is discussed more fully below,that he was prejudiced as a result, at least on the standardStrickland imposes. That standard is that in all probability,but for counsel's performance the outcome of the trial or otherproceeding would have been different. Id; State v. Crickton(1988), 43 Ohio App.3d 171.
 {¶ 44} Defendant-Appellant's two offenses are classified asfelonies. Rape is a felony of the first degree. Gross SexualImposition is a felony of the third degree. A prison term ismandatory, as the court explained to Defendant-Appellant beforeit accepted his guilty pleas. (T. 6). The court also explainedthat the maximum sentence for the Rape is ten years and themaximum for the GSI is five years, that the sentences might beimposed as consecutive, and in that event the maximum term thecourt could impose was fifteen years. (T. 7). AfterDefendant-Appellant acknowledged an understanding of thosematters, the court went on to state:
 {¶ 45} "THE COURT: Do you understand that in pleading guiltyto a sexual offense, the Court is required to classify you as asexually orientated offender and you would be subject to — isthere an agreement on the classification?
 {¶ 46} "THE PROSECUTOR: Yes, Your Honor. We were going to askfor the minimum classification." (T. 8-9).
 {¶ 47} The court then explained the registration requirementsthat attach to the sexual offender classification andDefendant-Appellant acknowledged that he understood them. (T.9).
 {¶ 48} The sentence that the trial court imposed, and whichDefendant-Appellant presumably knew of and sought to avoid, wasfive years on the Rape and three years on the GSI, to be servedconsecutively, for a total of eight years. The minimum time foreach charge is three years and one year, respectively, which ifserved consecutively would result in a term of four years. Itappears that this was the "minimum" term Defendant-Appellant saidhe expected the court to impose.
 {¶ 49} The two other Fish factors on whichDefendant-Appellant relies in support of his abuse of discretionclaim are: (1) whether a full hearing was held on the motion towithdraw, and (2) whether the trial court gave full and fairconsideration to the motion. Defendant-Appellant argues that thetrial court failed in both respects because it made no inquiryconcerning his reasons and did no more than repeat the terms ofhis plea.
 {¶ 50} On this record, we believe that no further inquirieswere required. Defendant-Appellant stated that he expected aminimum term of incarceration because, as the prosecutor hadstated at the plea hearing, the plea agreement called for theState to ask for the minimum sexual offender classification.Defendant-Appellant's assertion was that this caused him tobelieve that he would also receive a "minimum" sentence of fouryears. His reasons for withdrawing his plea were reasonablyclear, therefore, and the court did not abuse its discretionbecause it failed to make any further inquiries.
 {¶ 51} Defendant-Appellant's claim of mistake ormis-understanding is wholly belied by the record. He concedesthat the plea proceeding satisfied Crim.R. 11(C). Brief, p. 7.The court carefully explained to him in that proceeding themaximum sentences it could impose, and Defendant-Appellantacknowledged an understanding of that. No mention was made of alesser sentence. The matter of the agreed "minimum" sexualoffender classification was related to him wholly separate fromthe court's explanation of potential terms of imprisonment thecourt could impose, and was specifically connected by the courtto the resulting registration requirements. Defendant-Appellant'sattorney reiterated for the court that he had not givenDefendant-Appellant any understanding of his potential maximumsentence that was different from what the court explained,carefully and in detail.
 {¶ 52} We cannot find that the trial court deniedDefendant-Appellant a hearing to argue the grounds for his motionto withdraw. The court merely rejected those grounds withreference to the plea colloquy and the lack of any terms thatimplicated a promise of a minimum sentence. No abuse ofdiscretion is demonstrated.
 {¶ 53} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 54} "The trial court erred in sentencing the defendant toconsecutive sentences."
 {¶ 55} The trial court made the findings required by R.C.2929.14(E)(4) in order to impose consecutive sentences. The courtwas further required by R.C. 2929.19(B)(2)(c) to state thereasons for its findings. State v. Comer, 99 U.S.3d 463,2003-Ohio-4165. The trial court stated no reasons for thefindings it made, which is reversible error. Id.
 {¶ 56} The second assignment of error is sustained.
 {¶ 57} Having sustained the second assignment of error, wewill vacate the sentence the trial court imposed and remand forresentencing.
 Fain, P.J. and Brogan, J., concur.