[Cite as *State v. Kemp*, 2011-Ohio-4235.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95802**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FIDEL KEMP

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537239

**BEFORE:** Jones, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

ATTORNEY FOR APPELLANT

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio 44114


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, P.J.:

{¶ 1}   Defendant-appellant, Fidel Kemp ("Kemp"), appeals the trial court's denial of his motion to suppress.   Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶ 2}   In 2010, Kemp was charged with drug trafficking, drug possession, and possessing criminal tools.   The charges included forfeiture specifications.   Kemp filed a motion to suppress evidence, which was denied after a full hearing.   Kemp pleaded no contest to the indictment and the trial court found him guilty of the charges.   The trial court

then sentenced Kemp to 17 months in prison and fined him $500.

{¶ 3} The following pertinent evidence was presented at the hearing on the motion to suppress.

{¶ 4} On April 27, 2010, Cleveland police officers Jamie Cruz ("Cruz") and Kevin Mateo ("Mateo") were conducting random license plate checks in the area of East 9th Street and Prospect Avenue in downtown Cleveland. Cruz ran the license plate of the car Kemp was driving and the information came back that the owner of the car had a suspended license. Cruz testified that the vehicle owner was under a FRA[1] suspension, which requires that the car be seized and not allowed on the road, no matter who is driving the car.

{¶ 5} The officers effectuated a traffic stop. The officers learned that Kemp was not the registered owner of the car and did not have a drivers license. The officers arrested Kemp for driving with a suspended license and placed him in the back of their police car.

{¶ 6} Cruz testified that as part of the process to tow the car, the officers took an inventory of the car's contents looking in "all compartments, mak[ing] sure there is nothing of value, so that once it leaves our possession with the tow company, before it gets to the impound lot, to make sure nothing was taken." As a result of the inventory search, the police found 1.16 grams of crack cocaine and two scales. The officers also confiscated $157 in cash, a cell phone, and a camcorder.

---

[1]Financial Responsibility Act.

**{¶ 7}** Kemp now appeals, raising the following assignment of error for our review:

"The trial court committed reversible error by denying appellant, Fidel Kemp's, motion to suppress because the search of appellant's vehicle was in violation of the Fourth Amendment to the United States Constitution."

<u>Standard of Review</u>

**{¶ 8}** In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8, the Ohio Supreme Court explained the standard of review for a motion to suppress as follows:

**{¶ 9}** "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539."

<u>Warrantless Searches</u>

**{¶ 10}** Pursuant to the Fourth Amendment of the United States Constitution and Section 14, Article I, of the Ohio Constitution, a warrantless search is presumptively unreasonable unless it falls under a specifically established and delineated exception to the

warrant requirement. One exception exists for searches incident to a lawful arrest. Another exception permits officers to conduct an administrative inventory search of a vehicle after that vehicle has lawfully been taken into custody. See *State v. Mesa*, 87 Ohio St.3d 105, 108, 1999-Ohio-253, 717 N.E.2d 329.

{¶ 11} Kemp argues that the search of the car he was driving was unlawful because the exception for searches incident to lawful arrest did not apply to the search. Relying on the United States Supreme Court's decision in *Arizona v. Gant* (2009), 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485, Kemp argues that the search of his vehicle was no longer necessary or justified once he was in police custody. In *Gant*, the Supreme Court held that a search of a vehicle incident to an arrest violates the Fourth Amendment unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of the arrest." Id. at 1723.

{¶ 12} The state argues that the search of Kemp's car was lawful pursuant to the inventory search exception and the holding in *Gant* does not prohibit warrantless searches that fall under another exception to the warrant requirement.

{¶ 13} Inventory searches are excluded from the warrant requirement because they are an administrative function of the police that protect an owner's property while it is in the custody of the police, insure against claims of lost, stolen, or vandalized property, and guard the police from danger. *Mesa* at 109. Police may conduct an inventory search of a vehicle

that is being impounded.  *State v. Peagler*, 76 Ohio St.3d 496, 501, 1996-Ohio-73, 668 N.E.2d 489, citing *Colorado v. Bertine* (1987), 479 U.S. 367, 372-373, 107 S.Ct. 738, 93 L.Ed.2d 739.

{¶ 14} One requirement of the inventory search exception is that it must be a reasonable search conducted without an investigatory intent.  Whether the search is reasonable depends on if it is performed in good faith pursuant to standard police policy, and "the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded vehicle."  *State v. Robinson* (1979), 58 Ohio St.2d 478, 480, 391 N.E.2d 317.  "Inventory searches 'must not be a ruse for a general rummaging in order to discover incriminating evidence.'"  *State v. Burton* (Apr. 14, 1994), Cuyahoga App. No. 64710, quoting *Florida v. Wells* (1990), 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1. "A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an 'inventory search.'"  *State v. Caponi* (1984), 12 Ohio St.3d 302, 303, 466 N.E.2d 551.

{¶ 15} The Supreme Court noted in *Gant* that "a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies."  Id. at 1723-1724.  Thus, as this court recently held in *Cleveland v. Cunningham*, Cuyahoga App. No. 95267, 2011-Ohio-2276, the inventory search exception to the warrant requirement of the Fourth Amendment was left unaffected by *Gant*.  Id. at ¶20;

see, also, *State v. Hobbs*, Lake App. No. 2010-L-064, 2011-Ohio-1298; *State v. Garnett*, Franklin App. No. 09AP-1149, 2010-Ohio-5865, ¶23; *State v. Walker*, Lake App. No. 2009-L-155, 2010-Ohio-4695.

{¶ 16} Thus, while *Gant* no longer allows searches of a suspect's vehicle after he or she has been arrested (subject to the two stated exceptions), *Gant* does not apply to the inventory search exception to the warrant requirement. In other words, *Gant* did not eviscerate the inventory search exception to the warrant requirement in cases where the suspect's vehicle is legally impounded by the police and subject to tow.

{¶ 17} In the case at bar, Officer Cruz testified "[w]e stopped the vehicle in order to seize the vehicle." He also testified to the purpose of an inventory search, including the one he performed on the car Kemp was driving: to document all items in the car, including valuables, so a claim could not later be made for missing property and to assure no property was removed from the vehicle from the time it left the scene to its arrival at the impound lot. Cruz explained that the city contracts with different private tow companies; therefore, a vehicle being towed is not in police custody once it leaves the scene until it arrives at the police impound lot. He stated that the search he performed on the car was conducted specific to the department's inventory search policy as it relates to towed vehicles and was not initiated to look for evidence of any crime.

{¶ 18} It is undisputed that Kemp was the only occupant in the car, the car was not

registered to Kemp, and the information the police had was that the car's owner was under a FRA suspension, which meant that the car was not allowed to be on the road with *any* driver.[2]

Officer Cruz explained that if the owner of a car is under a FRA suspension, "[l]egally that car is seized and it's not allowed to be on the road with or without a licensed driver." So even if a licensed driver was readily available to drive the car from the scene, it would have been illegal to do so.

{¶ 19} Therefore, since the car Kemp was driving was not allowed to be on the road, the police properly seized the car and, in accordance with department policy, performed an inventory search prior to the tow. The towing of the car was separate from Kemp's arrest for driving with a suspended license and the police had proper justification to search the car prior to towing it.

{¶ 20} Finding no error with the search, the trial court properly overruled Kemp's motion to suppress.

---

[2]R.C. 4510.16 governs FRA suspensions and states, in part: "(A) No person, whose driver's * * * license * * * has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of the suspension or cancellation, * * *. No person shall operate a motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period in which the person is required * * * to file and maintain proof of financial responsibility for a violation of section 4509.101 of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle." R.C. 4509.101 allows for a limited exception, which does not apply in this case.

**{¶ 21}** Therefore, the assignment of error is overruled.

**{¶ 22}** Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR