DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Toledo Municipal Court, wherein appellant, Donald E. Flugga III, was found guilty of violating Toledo Municipal Code 331. 08(a), failing to stay within a single lane or line of moving traffic, and Toledo Municipal Code 337.35(b)(1), failing to wear a seat belt while operating his motor vehicle.
 {¶ 2} At appellant's bench trial, the following testimony was presented.
 {¶ 3} According to Officer Errol J. Osborn of the Toledo Police Department, he was on patrol at approximately 3:00 a.m. on the morning of September 29, 2005 when he saw a motor vehicle being driven in both northbound lanes of Byrne Road. The officer therefore initiated a traffic stop near the intersection of Byrne and Hill Avenue.
 {¶ 4} When Officer Osborn approached the vehicle, he saw that appellant, who was the driver of the vehicle, was not wearing his seat belt. The officer cited appellant for the two motor vehicle violations set forth above and for a third infraction, having a mutilated motor vehicle operator's license, a violation of R.C. 4507.13. Due to the fact that appellant had an outstanding warrant, he was arrested and jailed.
 {¶ 5} Appellant testified that on the morning in question, he left his place of employment, "Deja Vu," and decided to get some gasoline at a Sunoco station that was almost directly across from Deja Vu (Both Deja Vu and the Sunoco are located on Byrne Road.). Appellant claimed that after "pulling out of Deja Vu, I got in the left-hand lane, got in the turn lane, then turned into Sunoco." According to appellant, Officer Osborn conducted the traffic stop at the gasoline station.
 {¶ 6} In rebuttal, Officer Osborn testified that when the officer first saw appellant he was not making a lane change, but was going "straight" while "taking up both [northbound] lanes." Osborne maintained that he followed appellant for a "full block," that appellant did not turn into the Sunoco station, and reiterated that the stop occurred at the intersection of Byrne and Hill.
 {¶ 7} At the close of all evidence, the trial judge determined that Officer Osborn's testimony was more credible and found appellant guilty of violating the two Toledo Municipal Code sections set forth above. After viewing appellant's driver's license, the judge held that appellant did not violate R.C. 4507.13.
 {¶ 8} The court journalized its decision imposing a fine of $100 and costs for the violation of Toledo Municipal Code 331.08(a) and a $35 fine and no costs for the violation of Toledo Municipal Code 337.35(b)(1). Appellant appeals and sets forth the following assignment of error:
 {¶ 9} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution as well as under Section 10, Article I, of the Ohio Constitution."
 {¶ 10} Appellant contends that his trial counsel was ineffective because he failed to request a bill of particulars and/or request discovery pursuant to Crim.R. 7(E). Appellant argues that additional evidence was needed to impeach the testimony of Officer Osborn. Appellant maintains that discovery of the fact that a tow truck was or was not needed to tow appellant's vehicle would show whether the traffic stop happened on Byrne Road or at the Sunoco Station.
 {¶ 11} In Strickland v. Washington (1984), 466 U.S. 668, 687, the United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, he must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by theSixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citingStrickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
 {¶ 12} Generally, the decision of whether to submit a request for discovery "'is presumed to be a trial tactic which does not constitute ineffective assistance of counsel.'" State v. Whittsette, 8th Dist. No. 85478, 2005-Ohio-4824, ¶ 35, quoting State v. Northern (Dec. 26, 2001), 8th Dist No. 35849. Moreover, appellant fails to demonstrate how he was prejudiced by the alleged deficiency in failing to request a motion for a bill of particulars and/or a motion for discovery. See State v.Pimental, 8th Dist. No. 84034, 2005-Ohio-384, ¶ 18.
 {¶ 13} Appellant's only argument is that discovery may not have produced a document showing that his motor vehicle was towed from Byrne Road. Discovery of this fact would not have affected the outcome of appellant's trial because the central issue in this case was whether appellant was driving his motor vehicle in both northbound lanes of Byrne Road. Whether or not he was towed[1] is not determinative of this dispositive issue and could not, therefore, affect the trier of fact's assessment of the credibility of the witnesses with regard to that central question. Consequently, even though we agree that the trial court decided this cause based upon the credibility of the witnesses, a matter primarily within its purview, see State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus, we cannot say with a reasonable probability that but for trial counsel's failure to request a bill of particulars or to file a motion for discovery, the outcome of appellant's trial would have been different. For this reason, appellant's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant's vehicle could also have been towed from the Sunoco station.