**[Cite as *State v. Hall*, 2024-Ohio-2836.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals Nos.   WD-23-053
                                                                                                      WD-23-054

    Appellee                                Trial Court Nos.   2021CR043
                                                                                                      2023CR0264

v.

Jerome L. Hall                                **DECISION AND JUDGMENT**

    Appellant                              Decided:   July 26, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Following his guilty plea and conviction of two, third-degree felonies for failing to comply with an order of a police officer, the Wood County Court of Common Pleas sentenced the defendant-appellant, Jerome Hall, to serve five years in prison. On appeal, Hall alleges that his plea was unknowing and involuntary because his trial

counsel rendered ineffective assistance by failing to request discovery from the state. For the following reasons, we affirm the lower court's judgment.

## I. Background

{¶ 2} According to the record, a state trooper attempted to stop Hall's vehicle for speeding on Interstate 75 in Wood County on May 12, 2020. Hall failed to stop, despite the trooper's activation of the cruiser's overhead lights and sirens, and led police on a chase, driving "upwards of 115 miles per hour" and traveling over 2.2 miles. The chase ended when Hall's vehicle went "airborn" and struck a mailbox, damaging it, as well as a utility pole, an underground power source, and a property owner's tree and yard.

{¶ 3} Hall was indicted on February 4, 2021, and charged with failing to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), a felony of the third degree. (Case No. 21-CR-043). A warrant was issued for his arrest. On February 8, 2021, Hall failed to appear at his arraignment, and the trial court issued a nationwide warrant for his arrest.

{¶ 4} Hall remained at large for over two years, until he was arrested on May 27, 2023 for, once again, failing to comply with a police order. (Case No. 23-CR-264). In that case, an officer with the Rossford Police Department attempted to stop Hall for speeding along Dixie Highway, in Wood County. Despite the officer's use of lights and sirens, Hall failed to stop and instead "continu[ed] at a high rate of speed in excess of 100 miles per hour" on both residential streets and Interstate 75. This time, Hall traveled

2.

nine-and-one-half miles, which lasted about 15 minutes. While on the interstate, Hall forced multiple vehicles to brake and change lanes abruptly "to avoid being struck" and drove on the shoulder to pass other vehicles. After reaching a dead-end on Elm Street in Perrysburg, Hall and his passenger abandoned the vehicle. Hall fled but was caught after a thirty-minute search of the area. Hall was determined to be "under the influence of drugs or alcohol" at the time of the chase.

{¶ 5} Hall was appointed counsel and pled not guilty in both cases, which were ordered consolidated by the trial court.

{¶ 6} On July 17, 2023, the trial court held a change-of-plea hearing. At the outset, Hall indicated his desire to plead guilty in each case, in exchange for the state agreeing not to make any sentencing recommendation. The trial court and Hall then engaged in a colloquy, during which Hall acknowledged the constitutional rights he was waiving by pleading guilty, that he could be sentenced up to 36 months in prison, in each case, and that the sentences "by law" must be served consecutively. Following Hall's acknowledgements, the trial court accepted Hall's guilty plea and convicted him of two counts of failing to comply, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), both felonies of the third degree. It ordered a presentence investigation and set a sentencing hearing for September 18, 2023.

{¶ 7} At sentencing, Hall acknowledged that he has "never" had a driver's license, that "alcohol played a role" in the 2023 case, and that he has been convicted of failing to

3.

comply on *three prior occasions*, all in the Toledo Municipal Court, specifically in 2007, 2010, and 2019.  At the conclusion of the hearing, the trial court sentenced Hall to 30 months in prison, in each case, with the sentences to be served consecutively to one another.

{¶ 8} Hall appealed both judgments, and we consolidated his appeals.  Hall raises a single assignment of error for our review.

> **Assignment of Error I:**  Jerome Hall had appointed counsel who failed to request discovery in either case, yet upon inquiry by the court, affirmed that "discovery" supported the State's factual assertions, and so Mr. Hall received ineffective assistance of counsel which rendered his plea unknowing and involuntary and therefore void under the United States and Ohio Constitutions.

## II.  Hall fails to establish a claim of ineffective assistance of counsel.

{¶ 9} The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to * * * have the Assistance of Counsel for his defence."  This right includes "the right to effective counsel – which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed."  *United States v. Gonzalez-Lopez,* 548 U.S. 140, 148 (2006).  Ohio's constitution grants a corresponding right, and Ohio evaluates ineffective assistance

4.

claims under the same standards that federal courts use.  *State v. Worley,* 2021-Ohio-2207, ¶ 95.

{¶ **10**} To prevail on an ineffective assistance of counsel claim, a defendant must prove that his attorney was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The two-part test requires the defendant to show, "first, that counsel's performance was deficient and, second, that the deficient performance prejudiced his defense so as to deprive the defendant of a fair trial."  *State v. Lott*, 51 Ohio St.3d 160, 174 (1990), citing *Strickland* at 687.  In analyzing the first prong of *Strickland*, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance.  *Strickland* at 689.

{¶ **11**} If the first prong is met, then the defendant must show that the deficient performance prejudiced the defense.  *Id.* at 687.  To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *State v. Bradley*, 42 Ohio St.3d 136 (1998), paragraph one of the syllabus.  A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.  *Strickland* at 694.

{¶ **12**} Hall alleges that he was deprived of his right to counsel during plea negotiations, specifically when "counsel failed to investigate" by not "invok[ing]" and submitting a "written request" for discovery under Crim.R 16.  Rule 16 of the Ohio Rules

5.

of Criminal Procedure "controls the process of discovery of information in criminal cases." *State v. Athon*, 2013-Ohio-1956, ¶ 2.

{¶ 13} It is well-established that "the decision of whether to submit a request for discovery is presumed to be a trial tactic which does not constitute ineffective assistance of counsel." (Internal quotation omitted.) *State v. Vess,* 2011-Ohio-3118, ¶23 (6th Dist.), quoting *Toledo v. Flugga,* 2007-Ohio-98, ¶ 12 (6th Dist.); accord *State v. Rollison*, 2017-Ohio-8936, ¶ 15 (3d Dist.); *State v. Whittsette*, 2005-Ohio-4824, ¶ 35 (8th Dist.); *see also, State v. Winters*, 2022-Ohio-2061, ¶ 38 (2d Dist.) ("There is no absolute requirement that a defendant must file a discovery request and the failure to file one does not automatically demonstrate a deficiency."). Indeed, it may not be in the defendant's interest to request discovery given that "if an accused demands discovery from the state, the accused has a reciprocal duty of disclosure." *Athon* at ¶ 38 citing Crim.R. 16(A) ("All duties and remedies * * * apply to the defense and the prosecution equally, and are intended to be reciprocal."); *Vess* at ¶ 23 (Counsel's decision not to pursue discovery was "a tactic aimed at protecting some of [defendant's] information from the prosecution").

{¶ 14} In this case, the tactical nature of counsel's decision-making regarding discovery is especially apparent given that the state voluntarily produced the following discovery *before* Hall's July 17, 2024 change-of-plea hearing:

6.

**The 2021 Case**

June 6, 2023:  Receipt of Defendant Criminal History:  19 total pages (hand delivered to the defense attorney at the arraignment); 1 total DVD-R (hand delivered to the defense attorney at the arraignment).

June 27, 2023: State's Notice of Provision of Discovery Responses with certification.

**The 2023 Case**

June 26, 2023: Receipt of Defendant Criminal History:  18 Total Pages (hand delivered to the defense attorney at the arraignment)

June 27, 2023: State's Notice of Provision of Discovery Responses w/ Certification

July 13, 2023:  State's Provision of Supplemental Discovery #1 w/ Certification

{¶ 15} Accordingly, Hall had the benefit of already having *received* discovery from the state—which did not trigger a reciprocal duty of disclosure.

{¶ 16} In sum, given that trial counsel's failure to request discovery was a tactical decision, Hall fails to establish that his trial counsel's performance was deficient.  Given that Hall must establish *both* the "deficient-performance prong" and the "prejudice prong" of the *Strickland* test to prevail on his ineffective-assistance claim, his failure to

7.

establish the first prong ends our analysis. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697.

### III. Conclusion

{¶ 17} For the foregoing reasons, Hall's assignment of error is overruled, and the judgments of the Wood County Court of Common Pleas are affirmed. Hall is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                          _____
                                               JUDGE

Myron C. Duhart, J.                       

Charles E. Sulek, P.J.                    _____
CONCUR.                                                    JUDGE

                                                     _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.